Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

_____ Division

| | |
|---|---|
| Anthony Joseph Silveira | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| ORANGE COUNTY BOARD OF COUNTY COMMISSIONERS; ORANGE COUNTY CLERK OF COURTS; MELISSA GEIST, individually and in her | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ninth circuit court of florida |
| Street Address | 425 n orange ave |
| City and County | orlando |
| State and Zip Code | Florida 32801 |
| Telephone Number | 407-836-0517 |
| E-mail Address | |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*.

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:

Color of law, Marcy's law.

☑    Relevant state law *(specify, if known)*:

fair employment, hate crime Retaliation.

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

I'm going from 2003 to current 2025.

C.    I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☑ gender/sex    transgender _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

see attachment.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    08/01/2025    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

see attachment.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          10/30/2025

Signature of Plaintiff      Anthony Joseph Silveira (Averi Jean Calderiso)

Printed Name of Plaintiff    Anthony Joseph Silveira (Averi Jean Calderiso)

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**Mail body:**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

---

**ANTHONY JOSEPH SILVEIRA**,
Plaintiff,

v.

**ORANGE COUNTY BOARD OF COUNTY COMMISSIONERS; ORANGE COUNTY CLERK OF COURTS; MELISSA GEIST, individually and in her official capacity; ELIZABETH GIBSON, individually; DIANA MICHELLE TENNIS, individually; MEGAN SWAIN, individually and in her official capacity**,
Defendants.

---

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983, Title VII, ADA, Due Process, Equal Protection, Retaliation)

# JURY TRIAL DEMANDED

---

# I. PARTIES

1. Plaintiff **Anthony Joseph Silveira** is an individual residing at 615 Lakeview St, Apt C2, Orlando, Florida 32804, and at all relevant times was a resident of Orange County, Florida.
2. Defendant **Orange County Board of County Commissioners** is the governing body of Orange County, Florida, responsible for employment policies and practices.
3. Defendant **Orange County Clerk of Courts** is a governmental employer subject to Title VII, 42 U.S.C. § 1983, and the ADA, responsible for court records, administration, and employment.
4. Defendant **Melissa Geist** was at all relevant times an employee of the Orange County Clerk of Courts, acting under color of state law in her official capacity and sued individually for acts exceeding lawful authority.
5. Defendant **Elizabeth Gibson** was at all relevant times a Circuit Judge of the Ninth Judicial Circuit, Orange County, Florida, Division 30. She is sued in her individual

capacity for acts committed in the clear absence of all jurisdiction and for which judicial immunity does not apply.

6. Defendant **Diana Michelle Tennis** was at all relevant times a Circuit Judge of the Ninth Judicial Circuit, Orange County, Florida. She is sued in her individual capacity for acts committed in the clear absence of all jurisdiction.

7. Defendant **Megan Swain** was at all relevant times a Judicial Assistant to Judge Elizabeth Gibson, acting under color of state law in her official capacity and sued individually.

# II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 42 U.S.C. § 2000e-5(f)(3).

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events occurred in Orange County, Florida, within the Middle District of Florida, Orlando Division.

10. Plaintiff exhausted administrative remedies by filing EEOC Charge No. 510-2025-04574, which resulted in a Determination and Notice of Right to Sue issued August 1, 2025, granting Plaintiff the right to file suit within 90 days.

11. This Complaint is filed within 90 days of receipt of said Notice and within all applicable statutes of limitation.

# III. FACTUAL ALLEGATIONS

## A. Background and Employment Relationship

12. Plaintiff was previously employed by or had a sufficient employment relationship with the Orange County Clerk of Courts to establish jurisdiction under Title VII of the Civil Rights Act of 1964.

13. Plaintiff identifies as transgender, has documented disabilities protected under the Americans with Disabilities Act, and sought legal recognition of gender identity through a name change petition filed in 2024.

## B. Deficiency Notice and Contradictory Adjudication

14. On or about January 2025, Plaintiff filed a complete Petition for Change of Name (Adult) under Florida Statute § 68.07, including all required criminal history disclosures, residential history, and supporting documentation. Plaintiff submitted supplemental pages containing addresses since birth and complete answers to Questions 6 and 7 as instructed by Florida Supreme Court self-help materials and court staff.

15. On January 10, 2025, the Orange County Family Court Case Management Department sent Plaintiff an email falsely claiming the Petition was "incomplete" and requiring an

"Amended Petition." The email specifically stated: *"The Form was filed with incompleted information as required. All the question of the Form must be completed/answer. Example, in addition to places lived since birth (clarification), questions 6, 7 were not completed."*

16. Plaintiff immediately responded on the same date, January 10, 2025, providing written proof that all required information had been included in the original filing, including supplemental pages uploaded to the court portal. Plaintiff stated: *"I didn't complete the form. I did complete the form. We were instructed that if we needed to list the addresses or cases on a separate paper that we could do so and print it out that's what I did. It's in the packet I uploaded on the website, so you guys are mistaken, you guys made mistake you overlooked details and cause delay of my case."*

17. Despite Plaintiff's documented proof of completion and compliance, no correction was made to the court docket, and the fabricated "deficiency" narrative persisted as the official position of Defendants.

18. After declaring the petition fatally deficient and demanding amendment, Defendants proceeded to adjudicate the petition on its merits, hold a final hearing, and issue a Final Judgment denying the name change on February 14, 2025. This contradictory conduct— simultaneously treating the petition as deficient and complete—demonstrates intentional manipulation of the record to manufacture grounds for denial and retaliation.

## C. Retaliatory Timing and False Criminal Allegations

19. On March 27, 2025, Plaintiff filed formal complaints with the U.S. Department of Justice Civil Rights Division regarding discrimination and misconduct by Orange County judicial officials. These complaints were assigned Report Numbers 588610-RLQ concerning Judge Diana Michelle Tennis and 588612-JSN concerning Judge Elizabeth Gibson.

20. Following these federal complaints, Defendants' adverse actions escalated dramatically in both speed and severity.

21. On February 14, 2025—one month ahead of the originally scheduled March 21, 2025 hearing—Judge Elizabeth Gibson unilaterally advanced the hearing date without notice to Plaintiff and issued a Final Judgment denying the name change petition.

22. Judge Elizabeth Gibson's Final Judgment included baseless and retaliatory accusations that Plaintiff had committed "fraud upon the Court" by allegedly failing to disclose criminal history. Specifically, the Judgment states:

*"In the Petition for Name Change, the Petitioner states they have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The FDLE background report filed on January 7, 2025 shows multiple arrests and possible convictions for various crimes in several jurisdictions."*

23. These allegations are demonstrably false. Plaintiff's criminal history disclosure was complete and accurate. The background report referenced by Judge Elizabeth Gibson pertained to Plaintiff's former co-signer, Anthony James Weyenberg, not Plaintiff.

24. The Final Judgment further states:

*"Petitioner's request appears to be for an ulterior or possibly even illegal purpose; and the Court finds the Petitioner committed fraud upon the Court. The Court finds the Petitioner lacks candor and credibility."*

25. These findings are entirely unsupported by evidence and were only possible because Defendants relied on a tampered version of Plaintiff's petition that omitted critical attachments and disclosures.

26. The retaliatory timing is undeniable: Plaintiff filed DOJ complaints on March 27, 2025. Within weeks, Judge Elizabeth Gibson accelerated the hearing, denied relief, and accused Plaintiff of criminal conduct. This temporal proximity establishes a prima facie case of retaliation.

## D. Document Tampering and Record Manipulation

27. Forensic examination of documents filed in state court proceedings reveals systematic tampering by Clerk's office personnel. Original digitally-created PDFs were replaced with scanned, altered versions containing metadata from third-party image editing software.

28. Supplemental pages containing residential history and criminal disclosures were removed from the official docket version, creating the false appearance of an incomplete filing.

29. When Plaintiff provided proof of the original complete filing, including screenshots and metadata, Defendants refused to correct the record or acknowledge the tampering.

## E. EEOC Charge and Right to Sue

30. On or about May 2025, Plaintiff filed EEOC Charge No. 510-2025-04574 against Orange County Clerk of Courts, alleging employment discrimination based on sex, gender identity, disability, and retaliation.

31. On August 1, 2025, the EEOC issued a Determination and Notice of Rights, including a Right to Sue letter, which states:

*"This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal."*

32. Plaintiff received this Notice on or about August 1, 2025, and files this Complaint within the required 90-day period, specifically on October 30, 2025.

# IV. CAUSES OF ACTION

# COUNT I: VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983, 14th Amendment)

33. Plaintiff incorporates all preceding paragraphs by reference.
34. Plaintiff has a constitutionally protected liberty interest in obtaining a legal name change for purposes of gender affirmation, personal safety, and dissociation from individuals convicted of federal crimes.
35. Defendants deprived Plaintiff of this interest without adequate process by:

- Falsely declaring the petition incomplete
- Refusing to correct the record despite proof of completion
- Adjudicating the petition without notice of the advanced hearing date
- Denying Plaintiff the opportunity to present evidence or rebut false findings
- Basing adverse findings on tampered and incomplete documents

36. These acts violate the Due Process Clause of the Fourteenth Amendment.

# COUNT II: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983, 14th Amendment)

37. Plaintiff incorporates all preceding paragraphs by reference.
38. Defendants treated Plaintiff differently from similarly situated individuals based on gender identity, transgender status, and disability.
39. Cisgender, non-disabled individuals filing name change petitions in Orange County are routinely granted relief without fabricated deficiency findings, accelerated denials, or accusations of criminal conduct.
40. This disparate treatment violated the Equal Protection Clause of the Fourteenth Amendment.

# COUNT III: TITLE VII EMPLOYMENT DISCRIMINATION AND RETALIATION

41. Plaintiff incorporates all preceding paragraphs by reference.
42. Plaintiff filed EEOC Charge No. 510-2025-04574 and received a Right to Sue letter dated August 1, 2025.
43. Defendants discriminated against Plaintiff on the basis of sex, including gender identity and transgender status, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
44. Defendants retaliated against Plaintiff for engaging in protected activity, including filing federal civil rights complaints and objecting to discriminatory practices.
45. This retaliation included withdrawal of employment opportunities, fabrication of criminal allegations, and denial of judicial relief.

# COUNT IV: AMERICANS WITH DISABILITIES ACT VIOLATION

46. Plaintiff incorporates all preceding paragraphs by reference.
47. Plaintiff has documented disabilities protected under the ADA.
48. Defendants discriminated against Plaintiff on the basis of disability and failed to provide reasonable accommodations in employment and judicial proceedings.

# COUNT V: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

49. Plaintiff incorporates all preceding paragraphs by reference.
50. Plaintiff engaged in protected speech by filing complaints with the U.S. Department of Justice Civil Rights Division on March 27, 2025.
51. Defendants retaliated by accelerating judicial proceedings, fabricating findings of fraud, and denying relief.
52. A reasonable person would be deterred from exercising First Amendment rights by Defendants' retaliatory conduct.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendants violated Plaintiff's rights under the First. Fourteenth Amendments, Title VII, and the ADA;

C. Issue injunctive relief requiring correction of all court records, vacatur of the February 14, 2025 Final Judgment, and prohibition of further retaliation;

D. Award compensatory damages for economic loss, emotional distress, reputational harm, and deprivation of constitutional rights;

E. Award punitive damages against Defendants sued individually;

F. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Title VII;

G. Grant a trial by jury on all issues so triable; and

H. Grant such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** October 30, 2025

**Respectfully submitted,**

**Anthony Joseph Silveira**
Pro Se Plaintiff
676 jamestown blvd Altamonte, Florida 32714
Email: averijean@outlook.com
Phone: 401-484-3035

## VERIFICATION

I, Anthony Joseph Silveira, declare under penalty of perjury that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on October 30, 2025.

Anthony Joseph Silveira

*Anthony Joseph Silveira*